# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:05CV148-C

| | |
|---|---|
| ANDREW MARK BREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MECKLENBURG COUNTY, | ) |
| JAMES PENDERGRAPH, in | ) ORDER |
| his official and individual | ) |
| capacities, JOHN DOE I, JOHN | ) |
| DOE II, JOHN DOE III, | ) |
| JOHN DOE IV, and JANE DOE, | ) |
| in their individual capacities, | ) |
| PRISON HEALTH SERVICES, | ) |
| INC., and PEERLESS | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Rule 26(f) Conference" (document #17) filed September 23, 2006.

This is an action seeking damages pursuant to 42 U.S.C. § 1983. On April 6, 2005, the Plaintiff, Andrew Mark Breen, filed his Complaint, essentially alleging that he was deprived of his right to adequate medical care while being held as a pretrial detainee at the Mecklenburg County Jail ("the Jail").

On April 28, 2005, Defendants' Mecklenburg County, James Pendergraph, the Mecklenburg County Sheriff, and Peerless Insurance Company, the issuer of the Sheriff's performance bond ("the County Defendants"), filed a "Motion to Dismiss" (document #6).

On May 17, 2005, Defendant Prison Health Services, Inc., which provides medical services to Jail inmates pursuant to a contract with the Sheriff, filed its "Motion to Dismiss" (document #7).

On April 18, 2006, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 28, 2006, the undersigned issued a "Memorandum and Recommendation" (document #16), recommending that the County Defendants' Motion to Dismiss be <u>granted</u> as to Mecklenburg County only and <u>denied</u> as to all other Defendants, and that Prison Health Services Inc.'s Motion to Dismiss also be <u>denied</u>.

None of the parties have objected to any of the undersigned's recommendations, and the time for filing an objection with the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) has long expired. <u>See, e.g.</u>, <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005) (failure to file objection within ten days of service of recommendation constitutes waiver of right to review by district court); <u>and</u> <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997) (same).

On September 23, 2006, the Plaintiff filed the subject Motion, contending that the remaining Defendants (that is, all except Mecklenburg County) are refusing to conduct the Initial Attorneys' Conference ("IAC"), as required by Fed. R. Civ. P. 26(f) and Local Rule 16.1(A),[1] pending ruling by Judge Conrad on the aforementioned Motions to Dismiss.

In light of the fact that the remaining Defendants have not objected to the undersigned's recommendation that they <u>not</u> be dismissed from this proceeding, and that the IAC is otherwise 17 months overdue, the Plaintiff's Motion will be <u>granted</u> and the remaining parties ordered to promptly conduct and certify to the Court that they conducted the Initial Attorneys' Conference.

---

[1] LR 16.1(a) provides that counsel shall conduct the IAC no later than 69 days after the appearance of a defendant or 99 days after service of the Complaint.

**NOW, THEREFORE, IT IS ORDERED:**

1.  The Plaintiff's "Motion for Rule 26(f) Conference" (document #17) is **GRANTED**, that is, on or before October 20, 2006, counsel for the Plaintiff and for Defendants James Pendergraph, Peerless Insurance Company, and Prison Health Services, Inc., shall conduct the Initial Attorneys' Conference as provided by Fed. R. Civ. P. 26(f) and Local Rule 16.1(A), and within seven (7) days thereafter, shall file their "Certification of Initial Attorneys' Conference."

2.  The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: September 25, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge